```
                                United States Bankruptcy Court
                                Middle District of Pennsylvania
In re:                                                             Case No. 19-00060-HWV
Daniel E. Bier                                                     Chapter 13
         Debtor              CERTIFICATE OF NOTICE
District/off: 0314-1          User: PRadginsk            Page 1 of 2                   Date Rcvd: Mar 25, 2019
                              Form ID: pdf002            Total Noticed: 32


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 27, 2019.
db             +Daniel E. Bier,    16 Watson Drive,    Carlisle, PA 17015-7434
5147981        +APR Supply,    749 West Guilford Street,    Lebanon, PA 17046-3531
5147979        +All Mechanical Contractors, Inc.,     16 Watson Drive,    Carlisle, PA 17015-7434
5147980        +Amato Keating & Lessa, PC,    107 North Commerce Way, Suite 100,    Bethlehem, PA 18017-8913
5147982       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank Of America,     PO Box 982238,    El Paso, TX 79998)
5147984        +Barnett Pro Contractor Supplies,    PO Box 404295,    Atlanta, GA 30384-4295
5147986         CCAP Auto Lease LTD,    1601 Elk Street, Suite 800,    Dallas, TX 75201
5158774        +CCAP Auto Lease Ltd.,    P.O. BOX 961275,    FORT WORTH, TX 76161-0275
5147987        +CMI Credit Mediators, Inc.,    PO Box 456,    Upper Darby, PA 19082-0456
5147988        +Credit Mediators, Inc.,    PO Box 456,    Upper Darby, PA 19082-0456
5147989        +Daryl L. Young,    3016 Dickinson Avenue,    Camp Hill, PA 17011-5228
5147990        +Home Depot Credit Services,    Dept 32 - 2130385390,    PO Box 9001030,
                 Louisville, KY 40290-1030
5149104        +Lloyd S Markind,    1060 Andrew Drive, Suite 170,    West Chester, PA 19380-5601
5147993        +Michael F. Ratchford, Esquire,    409 Lackawanna Avenue,    Suite 320,    Scranton, PA 18503-2059
5147978         PA Department of Revenue,    Bureau of Individual Taxes,    Dept 280431,
                 Harrisburg, PA 17128-0431
5147994        +Peirce Phelps, Inc.,    516 East Township Line Road,    Blue Bell, PA 19422-2197
5147996         R.E. Michel Company, LLC,    One R.E. Michel Drive,    Glen Burnie, MD 21060
5147998        +Stephanie Bier,    16 Watson Drive,    Carlisle, PA 17015-7434

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5147983        +E-mail/Text: bknotices@bankofthewest.com Mar 25 2019 19:34:27      Bank Of The West,
                 2527 Camino Ramon,    San Ramon, CA 94583-4213
5147985        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 25 2019 19:38:18       Capital One,
                 Attn: Bankruptcy,    PO Box 30253,    Salt Lake City, UT 84130-0253
5154476         E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 25 2019 19:37:53
                 Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
                 Charlotte, NC 28272-1083
5147977         E-mail/Text: cio.bncmail@irs.gov Mar 25 2019 19:33:56      Internal Revenue Service,    POB 7346,
                 Philadelphia, PA 19101-7346
5147991        +E-mail/Text: unger@members1st.org Mar 25 2019 19:34:44      Members 1st Federal,
                 5000 Louise Dr,    Mechanicsburg, PA 17055-4899
5147992        +E-mail/Text: unger@members1st.org Mar 25 2019 19:34:44      Members First Federal Credit Union,
                 5000 Louise Drive,    Mechanicsburg, PA 17055-4899
5171038         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 25 2019 19:37:31
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5148365        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 25 2019 19:37:31
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5147995        +E-mail/Text: bankruptcyteam@quickenloans.com Mar 25 2019 19:34:31      Quicken Loans,
                 1050 Woodward Avenue,    Detroit, MI 48226-1906
5162348        +E-mail/Text: bankruptcyteam@quickenloans.com Mar 25 2019 19:34:31      Quicken Loans Inc.,
                 635 Woodward Avenue,    Detroit, MI 48226-3408
5147997        +E-mail/Text: rtumsuden@sidharvey.com Mar 25 2019 19:33:15      Sid Harvey Industries, Inc.,
                 605 Locust Street,    Garden City, NY 11530-6531
5172178        +E-mail/PDF: gecsedi@recoverycorp.com Mar 25 2019 19:38:13      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk VA 23541-1021
5147999        +E-mail/PDF: gecsedi@recoverycorp.com Mar 25 2019 19:37:49      Synchrony Bank/Lowes,
                 Attention: Bankruptcy Department,    PO Box 103104,    Roswell, GA 30076-9104
5148000        +E-mail/PDF: gecsedi@recoverycorp.com Mar 25 2019 19:37:50      Synchrony Bank/Sams Club,
                 Attn: Bankruptcy,    PO Box 956060,    Orlando, FL 32896-0001
                                                                                              TOTAL: 14

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5148001         York International Corp.,    Unitary Products Group,    Removed per docket entry 25
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                             TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 27, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 25, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Gary J Imblum    on behalf of Debtor 1 Daniel E. Bier gary.imblum@imblumlaw.com,
               gary.imblum@ecf.inforuptcy.com;carol.shay@ecf.inforuptcy.com;sharlene.miller@ecf.inforuptcy.com;b
               ernadette.davis@ecf.inforuptcy.com;gary.j.imblum@ecf.inforuptcy.com;imblumgr82281@notify.bestcase
               .com
              James   Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                           TOTAL: 4
```

Rev. 12/1/18

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
Daniel E. Bier

CHAPTER 13
CASE NO. 1:19-bk-00060

☐ ORIGINAL PLAN
__1st__ AMENDED AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☑ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

#### NOTICES

Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania.  ☑ Included  ☐ Not Included

2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor.  ☐ Included  ☑ Not Included

3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G.  ☑ Included  ☐ Not Included

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$31,625.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 03/19 | 09/23 | 575.00 | 0.00 | 575.00 | 31,625.00 |
| 10/23 | 02/24 | 0.00 | 0.00 | 0.00 | 0.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $31,625.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Rev. 12/1/18

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is **$2,048.00** (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Bank Of The West | 2013 Shasta Revere | 8942 |
| Quicken Loans | 16 Watson Drive Carlisle, PA 17015 | 3379 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Bank Of The West | 2013 Shasta Revere | $0.00 | $0.00 | $0.00 |

2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.comBest Case Bankruptcy

Case 1:19-bk-00060-HWV    Doc 30    Filed 03/27/19    Entered 03/28/19 00:46:19    Desc
Imaged Certificate of Notice    Page 4 of 9

Rev. 12/1/18

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Quicken Loans | 16 Watson Drive Carlisle, PA 17015 | $0.00 | $0.00 | $0.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☐ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

☑ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | Daryl L. Young |
|---|---|
| Lien Description<br>For judicial lien, include court and docket number | Judgment Lien |
| Description of the liened property | 16 Watson Drive Carlisle, PA 17015 Cumberland County (Co-owned with Stephanie Bier, spouse)<br>Value per market analysis - see Exhibit |
| Liened Asset Value | $282,030.00 |
| Sum of Senior Liens | $200,163.46 |
| Exemption Claimed | $746,157.40 |
| Amount of Lien | $7,709.14 |
| Amount Avoided | $7,709.14 |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

       a.     In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

       b.     $<u>see 9 below</u> per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
   *Check one of the following two lines.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Case 1:19-bk-00060-HWV    Doc 30    Filed 03/27/19    Entered 03/28/19 00:46:19    Desc
Imaged Certificate of Notice     Page 5 of 9

☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B.  **Priority Claims (including, certain Domestic Support Obligations**

☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    C.  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4.    **UNSECURED CLAIMS**

    A.  **Claims of Unsecured Nonpriority Creditors Specially Classified.**
        *Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

☑ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| Bank Of America | Credit Card Purchases (joint with spouse) | $9,160.00 | 0% | $9,160.00 |
| Members 1st Federal | Credit Card Purchases (joint with spouse) | $4,223.00 | 0% | $4,223.00 |
| Members First Federal Credit Union | Credit Card Purchases (joint with spouse) | $10,592.00 | 0% | $10,592.00 |

    B.  Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

☐ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

☑ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| CCAP Auto Lease LTD | 2018 Ram 1500 23 month lease $97.85/monthly | $97.85 | 0% | $0.00 | $0.00 | Assume |

6.    **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☑ closing of case.

4

7. DISCHARGE: (Check one)

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

5

Rev. 12/1/18

1A. If one of the debtors is not employed at the time of the filing of the plan, but has the ability to work, Debtors will notify counsel when he (or she) returns to work, and any necessary adjustments to the plan will be made at that time.

2(C). Debtor waives the right to object to these claims after the Plan is confirmed.

2(E). Amounts stated are estimated. If an objection is filed to a Proof of Claim, payment of the amount determined by the Court or as stipulated to by the parties.

2F. The collateral being surrendered is being surrendered in full satisfaction of debt.

3B. IRS and PA Department of Revenue - The priority and/or secured portion of a timely filed allowed Proof of Claim relating to tax claims referenced shall be paid in full through the Plan. If an objection is filed to any such claim, the amount of the unsecured priority and secured claim determined by the Court or through agreement of the parties shall be paid in full through the Plan.

Debtor may in the future provide for payment of post petition federal, state and/or local tax claims to the detriment of non priority unsecured claims.

3A(2). Attorney fees. Debtor's counsel will bill attorney's time at $295.00 per hour associates time at $235.00 per hour and paralegal time at $135.00 per hour. Said hourly fees are subject to change upon reasonable notice to Debtor(s). Debtor's counsel will submit a Fee Application to the Court for approval of fees. Only those fees and costs approved by the Court shall be paid by the Trustee to counsel.

In addition to fees, Debtors will be responsible for expenses, including photo copying, travel (where applicable), postage, court costs, filing fees, and similar expenses which are incurred by counsel in the course of performing services to the Debtors.

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Dated: _____          /s/ _____          Rev. 12/1/18
                                       Gary J. Imblum 42606
                                       Attorney for Debtor
                                       /s/ Daniel E. Bier
                                       Daniel E. Bier
                                       Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.